UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA GONZALEZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-10524 |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC, and | ) | |
| J.C. CHRISTENSEN & | ) | |
| ASSOCIATES, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Yolanda Gonzalez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, Yolanda Gonzalez, ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted CitiFinancial, Inc. consumer account ("alleged debt"). Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts.

5. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois. LVNV was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

6. Defendant LVNV is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. (Exhibit A, Record from the Illinois Secretary of State).

7. Defendant LVNV holds a collection agency license from the state of Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation).

8. Defendant LVNV regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

9. Defendant J.C. Christensen & Associates, Inc. ("JCC") is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts.

10. JCC operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois. JCC was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

11. Defendant JCC is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. (Exhibit C, Record from the Illinois Secretary of State).

12. Defendant JCC holds a collection agency license from the state of Illinois. (Exhibit D, Record from the Illinois Division of Professional Regulation).

13. Defendant JCC regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14. According to Defendants, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a CitiFinancial, Inc. consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

15. Due to her financial circumstances, Plaintiff was unable to pay the alleged debt, and it went into default.

16. CitiFinancial charged off the account.

17. CitiFinancial ceased charging interest and mailing statements to Plaintiff.

18. Therefore, CitiFinancial waived any contractual right to interest.

19. LVNV subsequently purchased the alleged debt.

20. At the time of transfer to LVNV, the balance on the alleged debt was $6,470.40.

21. Sometime thereafter, LVNV hired, retained, or otherwise assigned the alleged debt to JCC for collection.

22. On or about November 24, 2014, JCC sent a collection letter ("Letter") to Plaintiff. (Exhibit E, Collection Letter).

23. The Letter conveyed information regarding the alleged debt, including the amount due, the original creditor, and an account number.

24. The Letter stated it was a communication from a debt collector.

25. In fact, the Letter was a communication as that term is defined at § 1692a(3) of the FDCPA.

26. The Letter communicated a balance on the alleged debt of $7,107.68.

27. On or about November 24, 2014, JCC attempted to collect an additional $637.28 in interest and fees, over and above the original amount of $6,470.40.

28. JCC had no statutory or contractual right to charge Plaintiff interest.

29. When a debt collector tries to collect interest that a previous creditor had waived, the debt collector violates § 1692e(2)(A). *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 447 (6th Cir. 2014); *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014).

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **. . . (2) The false representation of—
> (A) the character, amount, or legal status of any debt. . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

31. Defendant JCC misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8) when Defendant communicated to Plaintiff a balance including unlawful interest and fees, which it knew or should have known to be false.

32. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

33. Defendant JCC attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $637.28 in interest and fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

34. On or about July 17, 2015, LVNV filed a complaint against Plaintiff to collect the alleged debt, styled *LVNV Funding, LLC vs. Yolanda Gonzalez*, Case No. 15-M1-116600, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit F, State Court Complaint with Affidavit attesting to balance of alleged debt as of June 2, 2015).

35. The Complaint and attached Affidavit claim a balance due and owing of $6,470.40.

36. Plaintiff had not made any payments on the alleged debt.

37. Either the credit information communicated by JCC to Plaintiff in the Letter on November 24, 2014 – that the balance owed on the alleged debt was $7,107.68 – was false, or the credit information communicated by LVNV to Plaintiff in its Complaint and Affidavit on July 17, 2015 – that the balance owed on the alleged debt was $6,470.40 – was false; both amounts cannot be correct. The account balance cannot *decrease* over time in the absence of payments.

38. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **. . . (2) The false representation of—**
> **(B) the character, amount, or legal status of any debt. . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

39. Defendants LVNV and JCC misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8) when Defendants communicated varying amounts to Plaintiff, which it knew or should have known to be false.

40. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT - JCC

41. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

42. Defendant JCC misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8) when Defendant communicated to Plaintiff a balance including unlawful interest and fees, which it knew or should have known to be false.

43. Defendant JCC attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $637.28 in interest and fees from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

44. Defendant JCC misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8) when Defendant communicated varying amounts to Plaintiff, which it knew or should have known to be false.

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant JCC as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## COUNT II—FAIR DEBT COLLECTION PRACTICES ACT - LVNV

46. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

47. Defendant LVNV misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(8) when Defendant communicated varying amounts to Plaintiff, which it knew or should have known to be false.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against Defendant LVNV as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ *Michael J. Wood*

                                        One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com